UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DAMIAN MAYS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:18-CV-238-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| J.A. BARNHART, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Damian Mays is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Mays recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. That petition is now before this Court on initial screening pursuant to 28 U.S.C. § 2243. For the reasons set forth below, the Court will deny Mays' petition.

In 2014, Mays pled guilty to one count of conspiracy to manufacture, possess, and distribute cocaine, cocaine base, and marijuana, and two counts of using a communication facility to facilitate a drug trafficking offense. The trial court sentenced Mays to 220 months in prison, and the United States Court of Appeals for the Tenth Circuit affirmed that sentence; that said, in light of an amendment to the United States Sentencing Guidelines (U.S.S.G.), the trial court later reduced Mays's sentence to 176 months. Mays then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, but his efforts were unsuccessful. *See United States v. Damian Mays*, No. 2:12-cr-20141-KHV (D. Kan. 2017).

Mays has now filed a § 2241 petition with this Court. In his petition, Mays points out that at sentencing, the trial court determined that he recklessly created a substantial risk of death or

serious bodily injury to another person in the course of fleeing from a law enforcement officer; as a result, the trial court added two levels to his base offense level pursuant to U.S.S.G. § 3C1.2. Mays, however, claims that he did not engage in this conduct and, therefore, the trial court should not have enhanced his guidelines range. While Mays made this same argument on direct appeal and in his § 2255 motion, and it was rejected both times, *see Id.* at Rs. 928, 1018, he reasserts it here and argues that it is a proper "actual innocence" claim pursuant to *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), among other cases. [R. 1 at 7].

Mays' § 2241 petition, however, constitutes an impermissible collateral attack on his underlying sentence. While a federal prisoner may challenge the legality of his sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Mays cannot use a § 2241 petition as a way of challenging his underlying sentence.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can show, among other things, that "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Hill v. Masters*, 836 F.3d 591, 600 (6th Cir. 2016). Here, Mays has not

made such a showing. Instead, he is simply trying to litigate arguments that he made on direct appeal and in his § 2255 motion. That is not proper in a § 2241 petition.

Accordingly, it is **ORDERED** that:

1. Mays' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This the 20th day of September, 2018.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY